IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KAREN PAULSON,

    Petitioner,

v.                                          Case No. 4:14cv449-WS/CAS

J.V. FLOURNOY, Warden,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On August 21, 2014, Petitioner Karen Paulson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On November 24, 2014, Respondent filed an answer, with attachments. ECF No. 9. Petitioner filed a reply on January 20, 2015. ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## **Background and Procedural History**

Petitioner Paulson, an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, filed this § 2241 petition challenging the computation of her federal sentence. In April 1998, Paulson was found guilty of burglary in a state court in Pecos County, Texas, and she was sentenced to thirty (30) years in prison. In December 2001, Paulson, while serving her 30-year Texas state sentence, entered a guilty plea to a federal firearms offense in a federal court in the Western District of Texas. The federal court sentenced Paulson to fifty (50) months in prison and specifically stated that the 50-month prison term would run consecutive to her Texas state sentence. Paulson began serving her federal sentence on July 12, 2013, after the State of Texas paroled her from the remainder of her state sentence.

On January 7, 2014, Paulson filed an inmate administrative remedy request, asserting she was entitled to concurrent sentencing because both her state and federal sentences were based on the same conduct. ECF No. 1 at 8. She requested *nunc pro tunc* designation. *Id.* at 9.

In a response dated January 13, 2014, the Warden explained that

"[s]entence computations are a function of the Designation and Sentence Computation Center" and "cannot be addressed at the institution level."  *Id.* at 11.  The Warden also explained that Paulson's federal sentence is consecutive to her state sentence and her federal sentence "commenced upon release from state custody on July 12, 2013."  *Id.*

Paulson appealed.  *Id.* at 16.  The Administrator of National Inmate Appeals denied Paulson's appeal on July 30, 2014, finding her "sentence has been computed as directed by federal statute and applicable Bureau of Prisons' policy."  *Id.* at 18-19.  In particular, the response explained:

> A review of your record reveals you surrendered to state authorities on April 27, 1997.  On April 4, 1998, you were sentenced to 30 years for Burglary of a Habitation in the 83rd Judicial District Court in Pecos, Texas.
>
> On May 15, 2001, you were temporarily released to the United States Marshals Service pursuant to a federal Writ of Habeas Corpus ad Prosequendum and on December 6, 2001, subsequently sentenced in the United States District Court, Western District of Texas, to a 50-month term of imprisonment for Possession of Firearm by an Illegal Alien.  This sentence was ordered to run consecutively to your state sentence (Case No. 2300).  The United States Marshals Service returned you to the Texas Department of Criminal Justice on January 17, 2002.
>
> You were in primary state custody from the date of your state arrest.  The sovereign which first arrested the offender has primary jurisdiction over the offender unless it relinquishes it to

> another sovereign by bail release, dismissal of charges, parole release or expiration of sentence. You were not released from the Texas Department of Criminal Justice to the federal warrant, but placed in temporary federal custody pursuant to the federal writ. Your federal sentence commenced on July 12, 2013, the date you [were] released via parole from your Texas sentence, thereby effectuating a consecutive service of your state and federal terms.
>
> Pursuant to Title 18 U.S.C. § 3585(a), as referenced in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), "A sentence to term of imprisonment commences on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served." The federal sentencing Court ordered your sentence to run consecutively; therefore, your federal term has been calculated consecutive to your state term.
>
> The application of credit toward a federal sentence through an adjustment to the term under provisions of United States Sentencing Guidelines § 5G1.3, can only be performed by the federal sentencing Court. The record does not indicate the Court adjusted your term under § 5G1.3.

*Id.* at 18-19.

As indicated above, Paulson filed this 2241 petition on August 21, 2014. ECF No. 1. Respondent filed an answer, with attachments, arguing the 2241 petition should be denied or dismissed because Paulson is not entitled to *nunc pro tunc* designation and the BOP's computation of her sentence is valid. ECF No. 9 at 4-8. Paulson filed a reply and

asserts, during the imposition of her federal sentence, the district court made no reference to 5G1.3 and also specifically recommended that she "serve her federal sentence before any state time is served and the defendant serve her federal sentence in Germany." ECF No. 12 at 8-10.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28. See Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Paulson's § 2241 petition challenges the execution of her sentence, specifically the decision of the BOP denying her administrative request for *nunc pro tunc* concurrent designation. The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP. 18 U.S.C. § 3585(a). Although the BOP must consider a prisoner's request for concurrent service of sentences, the BOP is not obligated to grant such a request as it falls within the BOP's discretion. *See, e.g.,* Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); *see also, e.g.,* Pritchett v. United States, No. 3:10cv422-RV/CJK, 2012 WL 2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.  See Rodriguez, 60 F.3d at 747.  "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" Id. (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).  If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"  Id. (quoting Chevron, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion."  Pritchett, 2012 WL 2568094 at *3 (citing Fagans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F.3d 83 (1st Cir. 2009); McCarthy, 146 F.3d at 123).  As explained by the court in Pritchett:

> To guide the exercise of its discretion, the BOP promulgated Program Statement 5160.05 in January of 2003. The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal

Sentence." PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

*Id.*

Petitioner Paulson is not entitled to relief in this case. A federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further,

> **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences –

 (1) as a result of the offense for which the sentence was imposed; or

 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.* § 3585(b).   *See, e.g.,* <u>Butler v. Warden, FCC Coleman- Medium</u>, 451 F. App'x 811 (11th Cir. 2011) (explaining that "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence"); <u>Scruggs v. Adkinson</u>, 423 F. App'x 858 (11th Cir. 2011) ("Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence.").

 Respondent attaches the Declaration of Angelicia M. Holland, Management Analyst, Designation and Sentence Computation Center, Federal BOP, dated October 29, 2014.   ECF No. 9-1.   Holland explains

that she audited the sentence computation for Paulson, which "revealed that her sentence has been computed in accordance with federal statute, the intent of the Court, and Bureau policy."  *Id*. at 1.   She further explains:

> 4.   On April 4, 1998, the Petitioner was sentenced to a 30-year term of confinement for the offense of Burglary of a Habitation in Pecos County, Texas.
>
> 5.   On November 14, 2000, a Federal Grand Jury sitting in the United States District Court in the Western District of Texas returned a 13-count indictment against the Petitioner while she was still serving her state sentence.
>
> 6.   On May 15, 2001, the Petitioner was transferred to federal custody pursuant to a federal writ.   However, the state of Texas maintained primary jurisdiction over her, and she continued the service of her state sentence while in federal custody.
>
> 7.   On December 6, 2001, the Petitioner was sentenced to a 50-month term of confinement in a United States district court in the Western District of Texas for Possession of a Firearm by an Illegal Alien.   The Court ordered this federal sentence to run consecutive to the Texas state sentence the Petitioner was already serving.
>
> 8.   On January 17, 2002, the Petitioner was returned to the Texas Department of Corrections to continue service of her state sentence.
>
> 9.   On July 12, 2013, the Petitioner was paroled from the state and transferred to the United States Marshals Service to begin service of her federal sentence in BOP custody.   As such, her federal sentence has been computed to commence on that

>date, as this is the date she came into the exclusive custody of federal officials.

*Id.* at 1-2.

Respondent also attaches copies of Paulson's judgment from the Western District of Texas and the verdict from the District Court of Pecos County, Texas, 83rd Judicial District. ECF No. 9-2. Regarding imprisonment, the federal judgment specifically provides:

>The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of fifty (50) months to run consecutively to sentence imposed in the 83rd Judicial District Court, Pecos County, Texas Cause No. 2300.
>
>The Court makes the following recommendations to the Bureau of Prisons: that the defendant be committed to F.C.I., Bryan or in the alternative F.C.I., Carswell; that the defendant participate in educational programs at the designated institution; and that the defendant participate in mental health counseling programs at the designated institution.
>
>The Court recommends that the defendant serve her federal sentence before any state time is served and the defendant serve her federal sentence in Germany.
>
>The defendant shall remain in custody pending service of sentence.

*Id.* at 3.

Based on the foregoing, Petitioner Paulson has not shown the BOP

abused its discretion in ruling on her request for *nunc pro tunc* designation and sentence credit. Although her federal sentence "recommends" that she serve her federal sentence before any state sentence, it also specifically indicates it is to run consecutive to the Texas state sentence; nothing indicates the federal and state sentences are to run concurrently. This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2016.


        **S/ Charles A. Stampelos**
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**